UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RAZZOLI,

               Plaintiff,

-against-

BLACK LIVES MATTER & MEMBERS; ANTIFA & MEMBERS; BARRACK OBAMA, ADVISOR; KNOWN & UNKNOWN FINANCIERS ET AL.,

               Defendants.

21-CV-4145 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated his federal rights. By order dated May 19, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff is barred under the Prison Litigation Reform Act's "three-strikes" provision, 28 U.S.C. § 1915(g), from filing federal civil actions IFP while a prisoner. *See Razzoli v. Lappin*, No. 07-CV-2968 (E.D. Pa. July 24, 2007); *Razzoli v Smith*, No. 05-CV-5580 (N.D. Ill. Oct. 12, 2005). Because Plaintiff was not a prisoner at the time he filed this action, section 1915(g) does not apply.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are taken from the complaint, which is not a model of clarity. Plaintiff writes:

> That on or after the Year 2003 the names Defendants have engaged in Acts of Discrimination against Whaite Race People and Desicrated Roman Catholic and other Christian Churches in US, UK, Canada and other Countires under The Direction of Alicia Garza, Patisse Cullors, Opal Tometi, Barrack Obama & Finance by Nike Corp, George Soros et al . . . [.] [2]

(ECF 1, at 4.)

In August 2018, Plaintiff was attacked by an "Unknown Member" of Black Lives Matter at Elegant Deli located at 35 Victory Boulevard in Staten Island. (*Id.*)

Plaintiff further alleges

> That Members of Black Lives Matter/Antifa under the Direction of Leaders of Black Lives Matter advised by Barrack Obama and Financed by Georg Soros, Nike Corp et al to impede 'INTERSTATE COMMERCE & TRADE' Thru acts of 'VIOLENCE' to [enforce] their wants to obtain Money from White Owned Bussinesses, & Other ETHNIC GROUPS . . . . .. which such acts Was encouraged

---

[2] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

> by Barrack Obama a Sworn Officer of the Court . . . . Violation of 18 USC 21, 242, 18 USC 1961 thru 1964(c,d) . . . [.]

(*Id.* at 5.)

In a "SWORN AFFIRMATION TO PRECLUDE SUMMARY JUDGEMENT" that he attaches to the complaint, Plaintiff writes that he

> Files this Civil Rico/Civil Ricghts Complaint against the named Defendants due to 'INTENTIONAL VIOLATION' of 'US CONSTITUTIONAL LAWS. 1st, 2nd, 4th, 5th, 8th, 14th USCA . . . . . That Known members of the Bar Association did so participate & or advised such Members of Antifa/Black Lives Matter to committ such Violent Acts in Violation Of 18 USC 241, 242, 18 USC 1961-thru 1964(c,d), 42 USC 1983 . . . . . I do so swear that I Kevin Razzoli was assaulted by UNKNOWN MEMBER of Black Lives Matter in August of 2018 while trying to stop him from Shop lifting . . . That all Actions was to commit EXTORTION and to Impeded Interstate Commerce and Economic Terrorism.

(*Id.* at 7.)

Plaintiff seeks $40 billion due to "Loss Bussines due to Acts of Violence to Impede INTERSTATE COMMERCE & TRADE" and $25 billion for "Physical Injuries to person due to Their RACE Religion, Ethnic Origin and or Job Description." (*Id.* at 6.)

## DISCUSSION

### A. Rule 8

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint consists almost entirely of legal conclusions, rather than well-pleaded factual allegations, as required under Rule 8. For example, Plaintiff's bare assertions that Defendants violated his constitutional rights, discriminated against him, "committed extortion," and "impeded interstate commerce" are simply legal conclusions that fail to suggest any plausible legal claim. The only factual allegation that Plaintiff asserts – that he was assaulted by an "unknown member" of Black Lives Matter – fails to suggest any federal constitutional or federal statutory claim for the reasons set forth below.

**B.     Constitutional Claims**

The Court construes Plaintiff's allegations that Defendants violated his federal constitutional rights as attempting to assert claims under 42 U.S.C. § 1983. A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants "Black Lives Matter & Members," "Antifa & Members," Barack Obama, and "Known & Unknown Financiers," and the unknown member of Black Lives Matter who allegedly assaulted Plaintiff,

are private parties who do not work for any state or other government body,[3] Plaintiff has not stated a claim against these defendants under section 1983.

**C.    RICO Claims**

Plaintiff attempts to assert claims under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages . . . ." 18 U.S.C. § 1964(c). In order to state a violation of section 1962, and thus, a claim under the civil RICO enforcement provision, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Such a person must also "allege that he was 'injured in his business or property *by reason of* a violation of section 1962.'" *Id.* (quoting § 1964(c)) (italics in original).

To state a claim of a civil RICO conspiracy under § 1962(d), a plaintiff must allege facts showing that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,*

---

[3] Plaintiff's claims against former President Obama appear to arise from Obama's alleged role as an "advisor" to Black Lives Matter and Antifa, not in his capacity as President of the United States.

5

187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must also show that "if the agreed upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45.

Plaintiff fails to provide any facts that would support any claim under civil RICO – either a claim of civil enforcement or one of conspiracy. The Court therefore dismisses Plaintiff's claims under the civil RICO statute for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.** **Criminal Prosecution**

Plaintiff also invokes 18 U.S.C. §§ 241, 242, criminal statutes which provide for criminal liability for conspiracy against an individual's civil rights and deprivation of those rights. But Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims under 18 U.S.C. §§ 241, 242 for failure to state a claim on which relief may be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**E.** **Venue**

To the extent Plaintiff seeks to assert state-law claims arising from the alleged assault by an unknown member of Black Lives Matter, and Plantiff could show that a federal court has subject matter jurisdiction over such claims, venue does not appear appropriate in this Court. Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(1), (2).

Here, Plaintiff alleges that he was assaulted by an unknown member of Black Lives Matter in Staten Island, New York, located in Richmond County, New York. Plaintiff alleges that he resides in Staten Island, New York, but fails to provide addresses for any of the Defendants. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

If an action is filed with the wrong district court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. *See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

The underlying events occurred in Staten Island, New York. Staten Island is in Richmond County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue therefore is appropriate in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). However, it does not appear that the court would have diversity jurisdiction over any state-law assault

7

claims as the parties are not likely to be diverse.[4] The Court therefore declines to transfer any state-law claims Plaintiff may be asserting against the unknown Black Lives Matter defendant as transfer would not be in the interest of justice, and dismisses Plaintiff's claims against this Defendant without prejudice.

**F.      Requests for Discovery**

Since filing the complaint in this action, Plaintiff has filed eleven submissions seeking various forms of discovery from Defendants and individuals alleged to be associated with Defendants, including a "Motion/Brief Pursuant to Federal Rules of Civ. Procedure Ie: Depositions Fed. Rule Civ. Proc. 30(b)(6)" (ECF 6); "stipulations" directed to Patrisse Cullors (ECF 7), Opal Tometi (ECF 8), and Alicia Garza (ECF 12); "admissions" directed to Garza (ECF 9), Barack Obama (ECF 10), Cullors (ECF 11), and Tometi (ECF 13); and "interrogatories" directed to Obama (ECF 14), Cullors (ECF 15), and Garza (ECF 16.) The Court denies any requests to compel such discovery as moot.

**G.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[4] To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff alleges that he is a resident of New York. He does not provide addresses for any of the Defendants, but none of his allegations suggests that the unknown member of Black Lives Matter who allegedly assaulted Plaintiff is a citizen of a different state.

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims arising under 42 U.S.C. § 1983, 18 U.S.C. § 1962, and 18 U.S.C. §§ 241, 242 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses any state-law assault claims Plaintiff may be asserting against the unknown member of Black Lives Matter without prejudice.

The Court denies Plaintiff's requests to compel discovery (ECF 6-16) as moot.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 7, 2021
       New York, New York

                                              /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                               Chief United States District Judge